IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER G., by and through his Parents, SUSAN T. and RONALD G., and SUSAN T. and RONALD G., individually, of Hershey, Pa. 17033,** | : : : : : | **Civil No.   1:23-CV-0043** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| **DERRY TOWNSHIP SCHOOL DISTRICT,** | : : : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Presently before the court is a motion to bifurcate pursuant to Federal Rule of Civil Procedure 42(b). (Doc. 16.) This case comes to the court on appeal from state administrative proceedings pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. (Doc. 1.) The thrust of the underlying dispute, encompassing roughly a thousand pages of administrative records, concerns Plaintiffs' objections to the adequacy of the District's educational resources provided to the plaintiff-student, resulting in the apparent violation of various federal laws and the placement of the student into private school. Plaintiffs request that the court bifurcate the proceedings into two segments: first, to decide whether the state administrative Hearing Officer misapplied the statute of limitations, and if so, allow Plaintiffs to supplement the administrative record; and second, have the court decide

the case on the administrative record alone. For the reasons set forth below, the motion will be granted, and the court will bifurcate the proceedings through first evaluating whether the hearing examiner misapplied the statute of limitations prior to ruling on the parties cross-motions for judgment on the administrative record, if appropriate.

## I.   <u>BACKGROUND</u>

This case generally arises from a dispute over whether Defendant Derry Township School District (the "District") provided Free Appropriate Public Education to the plaintiff-student pursuant to the IDEA. (*See generally* Doc. 1.)

On January 10, 2022, Plaintiffs Susan T. and Ronald G. filed a special education due process complaint against the District, alleging that it violated the IDEA with respect to their child, Peter G. (Doc. 1 ¶ 9.) The District answered the complaint on January 20, 2022, raising the statute of limitations as a defense. (*Id.* ¶ 10.)

On February 9, 2022, the parties submitted competing offers of proof to the Hearing Officer regarding the date that Susan T. and Ronald G. "knew of should have known" of the violations, which would trigger the relevant statute of limitations. (*Id.* ¶ 11.) An evidentiary hearing was held on February 22, 2022, before the Hearing Officer where live testimony was heard. (*Id.* ¶ 12.) At the hearing, the Hearing Officer indicated that she may first issue an order regarding the statute of

limitations issue and follow such order with detailed reasons for the determination in the final decision. (*Id.* ¶ 13.) Briefs were submitted to the Hearing Officer on March 11, 2022, and she issued an order on March 21, 2022, limiting Plaintiffs' claims to the two years preceding the filing of the complaint. (*Id.* ¶¶ 14-15.)

Between April and July 2022, the Hearing Officer held several hearings[1] involving the adequacy of the educational resources provided to Peter from January 10, 2020, until the end of the 2021-2022 school year. Both parties presented witness testimony and documentary evidence. (*Id.* ¶ 17.) On October 12, 2022, the Hearing Officer issued a final decision denying all of Plaintiffs' claims. (*Id.* ¶ 18.) This case, and the present motion to bifurcate, followed. (Doc. 1; Doc. 16.) The motion has been fully brief and is ripe for disposition.

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 42, a trial court may, in its discretion, bifurcate a trial. The rule provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided

---

[1] In the District's opposition brief to Plaintiffs' motion to bifurcate, its notes that nine evidentiary hearings were held before the Hearing Officer in this matter. (Doc. 18, p. 5.)

on a case-by-case basis. *See Idzojtic v. Pennsylvania R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972) ("The district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages."). In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). The moving party bears the burden of establishing that bifurcation is appropriate. *See Innovative Office Prods., Inc. v. Spaceco*, Inc., Civ. No. 05-cv-4037, 2006 WL 1340865, *1 (E.D. Pa. May 15, 2006).

The Third Circuit has noted that "this court has heretofore cast its lot with the views expressed by the Advisory Committee that bifurcation be encouraged where experience has demonstrated its worth, but that separation of issues for trial is not to be routinely ordered." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (citation and internal quotation marks omitted). The Third Circuit has also noted that "bifurcation is *appropriate* where litigation of one issue . . . may eliminate the need to litigate a second issue." *In re Bayside Prison Litig.*, 157 F. App'x 545, 547-48 (3d Cir. 2005) (emphasis in original). However, bifurcation is certainly not required in circumstances where the "issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials." *Id.* at 548.

## III.   **DISCUSSION**

Plaintiffs argue that bifurcation is proper because, if the Hearing Officer was incorrect in her application of the statute of limitations, then the administrative record is incomplete, and this court cannot fairly decide the substantive issues. (Doc. 17, p. 3.) Plaintiffs' brief states that the statute of limitations issue can be decided on briefing alone, without any fact discovery. (*Id.*, p. 3.) The District counters that bifurcation is improper because it may serve to further delay these proceedings and increase litigation expenses because the Hearing Officer already held a hearing on the statute of limitations and then eight subsequent proceedings on the underlying merits of Plaintiffs' claims. (Doc. 18 p. 5.) The District further argues that "there is no legitimate reason why the Court cannot consider whether [the Hearing Officer] correctly applied the IDEA statute of limitations as part of the parties' motions for judgment on the administrative record as a whole" and that a favorable ruling in Plaintiffs' favor could precipitate possible remand for yet another evidentiary hearing. (*Id.*) The District's arguments are unavailing.

The time period encapsulated in Plaintiffs' IDEA claim is a threshold issue in determining whether the administrative record is complete, and indeed, whether this court would be able to rule on the administrative record. Plaintiffs argue that the Hearing Officer erred in limiting that time period to conduct occurring after January 10, 2020, (Doc. 17, p. 3), and if that is indeed true, the administrative record will need to be supplemented prior to a determination of the merits. Bifurcation at this

stage has been granted before, albeit without opposition from the defendant, and it is more than appropriate here. *See e.g.*, *Alexander G. through Stephen G. v. Downingtown Area Sch. Dist.* No. CV 20-131, 2020 WL 7479536, at *2 (E.D. Pa. Dec. 18, 2020) ("Plaintiff moved this Court to bifurcate its proceedings so as to initially decide whether the hearing officer erred in ruling that the statute of limitations barred recovery . . . before deciding whether Defendant had provided Plaintiff with a FAPE . . . Because there was no opposition from Defendant, this court granted Plaintiff's Motion to Bifurcate . . . ."). While this decision to bifurcate may result in additional litigation, the court's primary concern is reaching the correct result.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the motion to bifurcate will be granted. The court will hold Plaintiffs to their representation that the statute of limitations issue can be decided only on the briefs, and the schedule for that briefing will be expedited.

An appropriate order shall follow.

<u>/s/ Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge

Dated: March 21, 2024